IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP L. BROWN,

    Petitioner,                     No. CIV S-10-1720 DAD P

    vs.

MIKE McDONALD,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

        In addition, upon review of petitioner's habeas petition, the court finds that petitioner has failed to answer several questions in the form petition. Petitioner failed to describe the issues that were raised in his direct appeal and in his petition for review filed with the California Supreme Court. Nor has he provided this court with the dates of the state courts decisions on appeal. Therefore, the court will dismiss the petition and grant petitioner leave to file an amended petition, using the form petition provided by the court.

Petitioner is advised that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Therefore, petitioner should allege that his claims have been presented to the California Supreme Court if that is the case.

Lastly, petitioner has filed a motion requesting the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the service of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

2. Petitioner's petition for a writ of habeas corpus, filed on July 6, 2010, is dismissed;

3. Petitioner is granted thirty days from the service of service of this order to file an amended petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner must use the form petition provided by the court and answer each question in the form petition;

4. Petitioner's July 6, 2010 motion for the appointment of counsel (Doc. No. 2) is denied without prejudice;

/////

5. Petitioner's failure to comply with this order will result in the dismissal of this action; and

6. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the form petition for a § 2254 action.

DATED: July 12, 2010.

_DALE A. DROZD_
UNITED STATES MAGISTRATE JUDGE

DAD:md/4
brow1720.101a