IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP L. BROWN,

    Petitioner,                                   No. CIV S-10-1720 DAD P

    vs.

MIKE McDONALD,                                  ORDER

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        In the court's July 13, 2010 order, petitioner was advised that in his amended petition, he must clarify whether he had exhausted his claims by presenting them to the highest state court. In his amended petition, petitioner indicates only that he raised a sentencing enhancement claim with the California Supreme Court. However, in his pending federal habeas petition, petitioner raises the following two grounds for relief: (1) the trial court's sentence was unconstitutional because the enhancement was not decided by the jury, and (2) ineffective

1

assistance of counsel.  Because it appears that he has failed to present the latter claim to the California Supreme Court, the petition before this court is a mixed petition.  If petitioner intends to proceed with both of his claims, he must choose one of two ways to proceed.

The United States Court of Appeals for the Ninth Circuit has analyzed two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) the Ninth Circuit outlined the following three-step procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition.  In this regard, the Kelly procedure is a risky one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court authorized an alternative procedure in Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims.  Instead, the petitioner may proceed on the "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present

1   unexhausted claims."). A petitioner who elects to proceed under the <u>Rhines</u> procedure can, in
2   many instances, avoid an issue with respect to the timeliness of his petition. See <u>King</u>, 564 F.3d
3   at 1140. However, the Supreme Court cautioned that a "stay and abeyance [under the <u>Rhines</u>
4   procedure] should be available only in limited circumstances," and "district courts should place
5   reasonable time limits on a petitioner's trip to state court and back." <u>Rhines</u>, 544 U.S. at 277-78.
6   The Supreme Court explained that district courts should not grant a stay if the petitioner has
7   engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly
8   meritless. <u>Id.</u> at 278. Federal proceedings may not be stayed indefinitely and reasonable time
9   limits must be imposed on a petitioner's return to state court to exhaust additional claims. <u>Id.</u> at
10  277-78. Finally, under <u>Rhines</u>, petitioner must show that there was good cause for petitioner's
11  failure to exhaust his unexhausted claims.

12           The court will order petitioner to inform the court as to how he wishes to proceed
13  with his mixed amended petition currently before this court. With his response, petitioner should
14  file either a second amended petition containing only his exhausted claim as required by <u>Kelly</u>, or
15  a motion for a stay and abeyance meeting the requirements set forth bu the Supreme Court in
16  <u>Rhines</u>.

17           In accordance with the above, IT IS HEREBY ORDERED that:

18           1. Petitioner's August 12, 2010 application to proceed in forma pauperis (Doc.
19  No. 8) is granted;

20           2.  Within thirty days from the service of this order, petitioner shall inform the
21  court as to how he intends to proceed, and petitioner shall file either a second amended petition
22  containing only his exhausted claim, or a motion for a stay and abeyance;

23           3. If petitioner files a second amended petition, he must use the form petition
24  provided by the court; the second amended petition must bear the docket number assigned this
25  case and must be labeled "Second Amended Petition," and

26  /////

4. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus by a state prisoner.

DATED: December 13, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brow1720.mix.ord