IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP L. BROWN,<br>　　　　Petitioner,<br>　　vs.<br>MIKE McDONALD,<br>　　　　Respondent.<br>_____/ | No. CIV S-10-1720 LKK DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss this action on the grounds that the federal habeas petition was filed beyond the governing one-year statute of limitations. Petitioner has filed an opposition to the motion, respondent has filed a reply, and petitioner has filed an unauthorized response to the reply.[1]

**BACKGROUND**

　　　　Petitioner challenges a 2007 judgment of conviction entered against him in the Sacramento County Superior Court on two counts of rape by means of force (Cal. Penal Code § 261(A)(2)), assault with a deadly weapon (Cal. Penal Code § 245(A)(1)), two counts of failure to

---

[1] In light of petitioner's pro se status the court has considered his unauthorized response to respondent's reply.

1  register as a sex offender (Cal. Penal Code § 290(G)(2)), assault with intent to rape (Cal. Penal
2  Code § 220), false imprisonment (Cal. Penal Code § 236), and vandalism (Cal. Penal Code §
3  594(A). (Resp't's Lod. Doc. No. 1.) The jury also found the various sentencing enhancement
4  allegations to be true. (Id.) Petitioner was sentenced to a determinate state prison term of fifty-
5  five years and four months. (Id.)

6        Petitioner appealed from his judgment of conviction to the California Court of
7  Appeal for the Third Appellate District. On June 26, 2008, the state appellate court modified the
8  judgment by striking one of the three prior prison term enhancements which reduced petitioner's
9  sentence to fifty-four years and four months in state prison, and ordered the Sacramento County
10 Superior Court to amend the abstract of judgment accordingly. (Resp't's Lod. Doc. No. 2.) In
11 all other respect the judgment of conviction was affirmed. Petitioner then filed a petition for
12 review in the California Supreme Court, which was denied on September 10, 2008. (Resp't's
13 Lod. Doc. 3-4.)

14       Petitioner filed two post-conviction collateral challenges in the California courts.[2]

15       First, on March 3, 2008, petitioner filed a petition for a writ of habeas corpus in
16 the Sacramento County Superior Court. (Resp't's Lod. Doc. 5.) On April 18, 2008, that petition
17 was dismissed upon petitioner's request. (Resp't's Lod. Doc. 6.) Next, on December 26, 2010,
18 petitioner filed a petition for a writ of habeas corpus with the California Supreme Court.
19 (Resp't's Lod. Doc. 7.) On June 15, 2011, the California Supreme Court denied that petition,
20 citing the decisions in In re Waltreus, 62 Cal.2d 218, 225 (1965) and In re Swain, 34 Cal.2d 300
21 (1949). (Resp't's Lod. Doc. 8.)

22 /////
23 /////

---

[2] Unless otherwise noted, the mailbox rule has been applied in determining the date of filing of these petitions. See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

On June 30, 2010, petitioner signed his federal habeas petition and it was filed by this court on July 6, 2010. (Doc. No. 1.) On August 12, 2010, petitioner filed an amended petition which is the operative petition in this action. (Doc. No. 9.)

## PARTIES' ARGUMENTS

I. **Respondent's Motion to Dismiss**

Respondent asserts that the statute of limitations for the filing of a federal habeas petition in this case began to run on December 10, 2008, when petitioner's judgment of conviction became final and the time to file a petition for writ of certiorari with the U.S. Supreme Court expired. (Doc. No. 20 at 3.) Respondent argues that petitioner is not entitled to statutory tolling of that limitations period based upon the filing of his first state habeas petition filed on March 3, 2008 and voluntarily dismissed by petitioner on April 18, 2008, since that petition was pending during a period when petitioner's judgment of conviction was not yet final and the statute of limitations had not yet begun to run. (Id.) As for petitioner's second state petition filed on December 26, 2010 with the California Supreme Court, respondent argues that the statute of limitations for the filing of a federal petition had already expired by the time that petition was filed and that it cannot serve to toll the already expired statute of limitations. (Id. at 4.)[3]

According to respondent, the statute of limitations commenced on December 10, 2008 and expired on December 9, 2009. (Id. at 5.) Petitioner did not file his federal habeas petition until June 30, 2010, over six months after the statute of limitations for doing so expired. (Id.) Since petitioner's second state habeas petition was filed with the California Supreme Court after the statute of limitations for the filing of a federal petition had expired, it does not serve to extend the statute of limitations period. (Id.) Therefore, respondent argues, the federal habeas petition before the court was untimely filed and must be dismissed. (Id.)

---

[3] Respondent also argues that there can be no tolling of the statute of limitations between the dismissal of petitioner's premature first petition and his filing of the second petition with the California Supreme Court because petitioner unreasonably delayed thirty-two months before filing his second state petition on December 26, 2010. (Doc. No. 20 at 4.)

3

II.  **Petitioner's Opposition**

Petitioner acknowledges that he was informed by his appellate counsel in state court that he had one year to challenge his sentence and that the California Supreme Court denied his petition for review on September 10, 2008. (Doc. No. 26 at 2.) Petitioner contends that he attempted to conduct legal research but that High Desert State Prison (HDSP), where he was incarcerated, was on lockdown for over 500 days from October 23, 2008 through May 18, 2011. (Id.) Petitioner has provided a list of dates when that facility was on lockdown status. (Id. at 6-7.) Petitioner asserts that during these lockdowns he had limited access to the prison law library and was unable to conduct legal research and "to obtain the proper forms in order to respond." (Id. at 2.) Petitioner also contends that the law library at HDSP is inadequate even during normal program time, that it has only two computers and that only two to four hours per month are provided for general legal use, which for a one-year period amounts to twenty-four to forty hours of research time. (Id.) Based upon these allegations, petitioner requests that the court find that he is entitled to equitable tolling of the statute of limitations and allow this action to proceed. (Id. At 3.)

III.  **Respondent's Reply**

In reply, respondent argues that petitioner is not entitled to equitable tolling. First, respondent asserts that ignorance of the law does not entitle petitioner to equitable tolling of the applicable statute of limitations. (Doc. No. 30 at 3.) Respondent point out that petitioner's lack of knowledge with respect to the law is not extraordinary, that petitioner has not provided the court with specific facts establishing that he was unable to file a timely petition and that petitioner's pro se filings, including his two state habeas petitions, do not reflect that he lacked the ability to challenge his conviction. (Id.) Second, respondent argues that petitioner's contention regarding prison lockdowns and lack of law library access are vague and unsupported. (Id. at 3-4.) Respondent also contends that petitioner has not explained how the alleged lockdowns interfered with his ability to access the courts. (Id. at 4.) In this regard, respondent

asserts that petitioner's unauthenticated lockdown log does not indicate if those lockdowns even impacted petitioner's housing facilities, yards, racial group and/or institutional programs. (Id.) Respondent argues that even if petitioner was subject to periods of lockdown, he has failed to explain why he could not use the law library paging system to gain access to the legal materials he needed to file a timely federal habeas petition. (Id.) Finally, respondent argues that institutional lockdowns have not been recognized as extraordinary circumstances justifying equitable tolling of the AEDPA statute of limitations. (Id.)

IV. **Petitioner's Response**

In response, petitioner repeats his assertion that he is entitled to equitable tolling of the applicable statute of limitations because of the extensive lockdowns at HDSP that prevented him from accessing the law library. (Doc. No. 31 at 2.) Petitioner lists several days of lockdowns at that facility in 2009 and 2010, and alleges that those lockdowns affected his housing unit. (Id. at 2-3.)

**ANALYSIS**

I. **The AEDPA Statute of Limitations**

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. **Application of § 2244(d)(1)(A)**

As noted above, petitioner's judgment of conviction became final on December 9, 2008, ninety days after the California Supreme Court denied his petition for review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). In this case, the AEDPA statute of limitations period began to run the following day, on December 10, 2008, and expired one year later on December 9, 2009. Petitioner did not file his federal habeas petition in this case until June 30, 2010, more than seven months after the statute of limitations had expired. Accordingly, petitioner's federal petition for writ of habeas corpus is time barred unless he is entitled to the benefit of tolling.

III. **Application of 28 U.S.C. § 2244(d)(2)**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations for the seeking of federal habeas relief is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending" during that period. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a

state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

Here, petitioner's two habeas petitions filed with the state courts do not serve to toll the statute of limitations for the filing of a federal petition. The first state habeas petition, filed with the Sacramento County Superior Court on March 3, 2008, does not toll the federal statute of limitations because it was filed before the limitations period began to run. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (noting that although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before the period had started to run, it had no effect on the timeliness of the ultimate federal filing."). Petitioner's second state habeas petition filed with the California Supreme Court cannot serve to toll the federal statute of limitations because it was filed over a year after the statute of limitations for the filing of a federal petition had expired. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied 538 U.S. 949 (2003).

Moreover, and in any event, there could be no tolling of the interval between the dismissal of petitioner's first state petition and the filing of his second state petition with the California Supreme Court because the delay between the two state petitions was over two years and thus was not reasonable. See Carey v. Saffold, 536 U.S. 214, 222-24 (2002) (holding that a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long

/////

/////

/////

as the intervals between the filing of those petitions are "reasonable").[4]

For all of these reasons, the court finds that petitioner is not entitled to statutory tolling of the AEDPA statute of limitations. Petitioner, in fact, essentially concedes as much. Instead, petitioner now relies entirely on the argument that he is entitled to equitable tolling of that statute of limitations. Below, the court turns to that issue.

IV. **Equitable Tolling**

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, ___, 130 S. Ct. 2549, 2560 (2010). See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir. 2011); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).[5] Indeed, because § 2244(d) is not jurisdictional, it is "subject to a 'rebuttable presumption' in favor of 'equitable tolling'" Holland, 130 S. Ct. at 2560 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990)). See also Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011) (en banc).

However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland 130 S. Ct. at 2562 (quoting Pace v.

/////

---

[4] The court notes that in assessing the possibility of statutory tolling, delays of much shorter periods of time than are involved here between the dismissal of the first state habeas petition and the filing of the habeas petition with the California Supreme Court have been found by the Ninth Circuit to be "unreasonable." See Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (81 and 91 days of unexplained delay between habeas filings found to be unreasonable); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010) (146-day unexplained delay between habeas filings found to be unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (petitioner not entitled to statutory tolling during unexplained delays of 115 and 101 days between state court petitions).

[5] The Ninth Circuit had previously so held. See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009); Calderon v. U.S. District Court for the Central District of California (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc).

DiGuglielmo, 544 U.S. 408, 418 (2005)).[6] See also See also Doe, 661 F.3d at 1011; Lakey, 633 F.3d at 784; Porter, 620 F.3d at 959; Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. See Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (The petitioner must show that "the extraordinary circumstances made it impossible to file the petition on time."); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). To meet this standard a petitioner must demonstrate that some extraordinary circumstance stood in his way of filing a timely federal habeas petition and that any such extraordinary circumstance was the cause of his late-filed petition. See Lakey, 633 F.3d at 786; Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001). It is the petitioner who bears the burden of demonstrating the existence of grounds for equitable tolling. See Pace, 544 U.S. at 418; Doe, 661 F.3d at 1011; Roberts v. Marshall, 627 F.3d 768, 772 (9th Cir. 2010); Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998). See also Lakey, 633 F.3d at 786 ("The high threshold of extraordinary circumstances is necessary 'lest the exceptions swallow the rule.'"); Porter, 620 F.3d at 959; Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("[T]he threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exception swallow the rule."); Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as

---

[6] "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Holland v. Florida, __ U.S. __, ___, 130 S. Ct. 2549, 2565 (2010).

setting a "high hurdle" to the application of equitable tolling).  To this end, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]" Holland, 130 S. Ct. at 2564.  Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)).  See also Holland, 130 S. Ct. at 2565 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail"); Doe, 661 F.3d at 1012.

Petitioner argues that he is entitled to equitable tolling because of the numerous lockdowns at HDSP, his limited access to the law library, and the inadequacy of the law library at HDSP.  As to petitioner's claim that the prison was on long periods of lockdown which prevented his access to the law library, such a circumstance alone is not extraordinary and does not entitle petitioner to equitable tolling.  See Ramirez v. Yates, 571 F993, 998 (9th Cir. 2009) ("petitioner's four month stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because "[o]rdinary prison limitations on [one's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers" were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically qualifies as grounds for equitable tolling); see also Nelson v. Sisto, No. C-11-0313 EMC (pr), 2012 WL 465443, at *6 (N.D. Cal. Feb. 13, 2012) (finding petitioner's allegations of prison lockdowns that lasted months at a time, including one lockdown that lasted a year, were "nothing more than routine prison circumstances that most habeas prisoners face and did not amount to extraordinary circumstances or make it impossible for him to file on time."); Wilder v. Runnels, No. C031478 CRB(PR), 2003 WL 22434102, at *3 (N.D. Cal. Oct. 22, 2003) ("[L]ockdowns, placement in administrative segregation/solitary confinement, and other common restrictions on access to the law library and

1  legal assistant [sic] programs, generally do not qualify as 'extraordinary circumstances.'");
2  Jackson v. Runnels, No. SACV 06-125-PSG (RNB), 2008 WL 936791, at *24 n.33 (C.D. Cal.
3  April 2, 2008) ("The Court notes that lockdowns and restrictions on law library access are an
4  ordinary incident of prison life, and do not generally qualify as an 'extraordinary circumstance'
5  sufficient to equitably toll the statute of limitations for federal habeas petitions."); Atkins v.
6  Harris, No. C 98-3188 MJJ (PR), 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999) ("Petitioner's
7  allegations of difficulty in gaining library access, prison lockdowns, his lack of legal training . . .
8  fail to meet the requisite extraordinary circumstances . . . . Prisoners familiar with the routine
9  restrictions of prison life must take such matters into account when calculating when to file a
10 federal petition."); Giraldes v. Ramirez-Palmer, No. C 98-2757 SI (PR), 1998 WL 775085, at *2
11 (N.D. Cal. Nov. 3, 1998) (holding that a prison lockdown for one year and two months does not
12 constitute an extraordinary circumstance because "lockdown is an expected, albeit unpredictable,
13 part of prison life.").

14        As to petitioner's allegations regarding the inadequacy of the law library at HDSP
15 because it has only two computers, petitioner has failed to explain how the alleged limited
16 number of computers prevented him from filing a timely federal habeas petition.  See Chin v.
17 Hill, No. CIV S-10-3258 GEB DAD P, 2011 WL 4344129, at *4 (E.D. Cal. Sept. 14, 2011)
18 (acknowledging that an inadequate prison law library may constitute extraordinary circumstance
19 justifying equitable tolling, however, petitioner failed to explain how the library was so
20 inadequate that it prevented him from filing a timely habeas petition); Nelson, 2012 WL 465443,
21 at *6 (finding petitioner's claim of inadequate law library to be unpersuasive where the petitioner
22 had not claimed a complete denial of law library access and failed to offer evidence that he
23 attempted but was unsuccessful in using other resources such as the law library paging system);
24 Hernandez v. Ochoa, No. 1:10-cv-01863-JLT HC, 2011 WL 1103161, at *5 (E.D. Cal. March 22,
25 2011) (holding that "the vagaries of accessing prison law libraries or obtaining current legal
26 materials therefrom, are complaints common to the vast majority of incarcerated prisoners

attempting to file petitions for writ of habeas corpus.  Therefore, by definition these circumstances are not extraordinary and do not justify equitable tolling.").  In addition, here petitioner has failed to demonstrate that he diligently pursued his claims.  In this regard, the record reflects that after petitioner voluntarily dismissed his first state habeas petition, he waited over two years to file his second state habeas petition with the California Supreme Court.

Given petitioner's lack of specificity and his failure to come forward with evidence in support of his contention, the court cannot conclude that he has carried his burden of establishing that "extraordinary circumstances" existed which might justify equitable tolling of the AEDPA statute of limitations in his case.  See Pace, 544 U.S. at 418; Doe, 661 F.3d at 1011; Roberts, 627 F.3d at 772; Espinoza-Matthews, 432 F.3d at 1026; see also Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011) ("The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule."); Soto v. Lopez, No. CV 10-3525 AHM(JC), 2011 WL 6090167 (C.D. Cal. April 1, 2011) ("[P]etitioner's conclusory and unsupported allegations are simply insufficient to meet his burden of demonstrating his entitlement to equitable tolling of the limitations period."), report & recommendations adopted by 2011 WL 6091080 (C.D. Cal. Dec. 5, 2011).

For all of these reasons, the court finds that petitioner has failed to meet his burden of establishing that he is entitled to equitable tolling of the AEDPA statute of limitations.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's October 5, 2011 motion to dismiss (Doc. No. 20) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner shall address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 2, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brow1720.mtd